**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Brittlee Smith and Thelma Tisdale, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 25 C 4871 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Menard, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs were injured while shopping at one of Defendant's stores when they fell while exiting a moving walkway. Plaintiffs contend that Defendant was negligent in maintaining the walkway, and that this caused Plaintiffs' injuries. Defendant moves for summary judgment. For the reasons stated below, Defendant's motion is denied.

### Legal Standard

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[S]peculation is not enough to create a genuine issue of fact for the purposes of summary judgment." *Tousis v. Billiot*, 84 F.4th 692, 696 (7th Cir. 2023) (citations omitted). Rather, the parties must support their arguments by citing particular parts of the record. *Horton*, 883 F.3d at 948. The Court views the facts and draws all reasonable inferences in the light most favorable to the nonmovant. *Id.*

## Background

Defendant's Menards store in Melrose Park has ascending and descending moving walkways that transport customers between the first and second floors. R. 77-2 ¶¶ 2–6. Customers ride these walkways with their shopping carts. *Id.* To prevent the carts from rolling down the walkways, the wheels are designed to lock into place when a cart is on a walkway. *Id.* ¶ 26. The locking mechanism is a disc on the side of the wheels that falls into the grooves of the walkway and prevents the wheels from spinning. *Id.* ¶¶ 27–28. While the locking mechanism is engaged, the shopping carts are pulled automatically by the walkway without the customer needing to push. *Id.* ¶ 33. At the end of the walkways, there is a walking-off plate. *Id.* ¶ 29. As the wheels of the cart cross the threshold from the walkway to the walking-off plate, the locking mechanism is designed to disengage as the disc is driven upward by the walking-off plate. *Id.* ¶ 31. As such, once the rear wheel locking mechanisms are disengaged—in other words, once the cart is fully off the walkway—the customer must resume pushing the cart because the cart is no longer being pushed forward by the walkway. *Id.* ¶ 33.

On September 29, 2018, Plaintiff Thelma Tisdale went shopping with her granddaughter Plaintiff Britlee Smith at the Melrose Park Menards. *Id.* ¶¶ 1–2. While shopping Plaintiffs took the ascending walkway to the second floor. *Id.* ¶ 3. Tisdale had no problems exiting the ascending walkway with her cart and, while shopping, Tisdale had no problems using her cart. *Id.* ¶¶ 4–5. Plaintiffs then took the descending walkway to the first floor. *Id.* ¶ 6. When Tisdale was exiting the descending walkway, her cart stalled as the rear wheels approached the threshold of the walking-off plate, and Tisdale fell. *Id.* ¶ 10. Smith, who was riding the walkway beside Tisdale, also fell. *Id.* ¶ 11. Both were injured. R. 77-12 at 9; R. 77-13. As a result, they filed this lawsuit alleging claims under negligence and premises liability. R. 69.

## Discussion

### I. Negligence

To establish negligence liability under Illinois law, Plaintiffs must show that (1) Defendant owed a duty to Plaintiffs, (2) Defendant breached that duty, and (3) the breach proximately caused Plaintiffs' injuries. *Cruz v. Costco Wholesale Corp.*, 134 F.4th 984, 987 (7th Cir. 2025). Regarding the first element of duty, there is no dispute that a business such as Defendant's Menards store "owes customers a duty to maintain its premises in a reasonably safe condition to avoid injuries to [its] customers." *Id.* (citations omitted).

Regarding the second element of breach, the issue is whether Defendant "install[ed] and maintain[ed]" the moving walkways "in a reasonable fashion." *See Gentry v. Shop "n Save Warehouse Foods, Inc.*, 708 F. Supp. 2d 733, 738 (C.D. Ill. 2010). As relevant, Defendant has an audio-visual warning system near the end of the descending walkway and that instructs customers to "prepare to push your cart forward as you step off the walkway." R. 77-2 ¶ 34. The system includes an audio recording of this warning as well as a video that displays the text. *Id.* In addition to the audio-visual warning, there are also "three prominent yellow signs at the end of the moving walkway instructing customers to prepare to step off the walkway" *Id.* ¶ 36. Unlike the audio-visual warning system, the signs do not specifically instruct customers to "prepare to push [their] cart[s] forward." *Id.* Plaintiff's expert Joseph Stabler and Defendant's expert John Donnelly both agree that there are certain regulations and standards in the elevator and moving walkway industry regarding safety warnings. R. 72-5 at 8; R. 72-6 at 8. Stabler and Donnelly also both agree that, when taken together, the audio-visual warning system and yellow signs comply with these regulations and standards. R. 72-5 at 8; R. 72-6 at 8.

Critically, Smith has submitted an affidavit in which she states that, on the day in question, the audio system was not operating, and the video did not instruct her to prepare to push her cart. R. 77-3 ¶¶ 6–7. Defendants dispute Smith's contention that the warning system was down. R. 73 at 10–11. But viewing the facts in the light most favorable to Plaintiffs, the Court infers for the purpose of summary judgment that the warning system was down on the day in question. It is unclear, based on the record before the Court, whether, absent the audio-visual warnings, the signs alone provided a sufficient warning. *See* R. 72-5 at 8; R. 72-6 at 8. Viewing the facts and drawing all reasonable inferences in Plaintiff's favor, the Court finds for the purpose of summary judgment that a reasonable jury could find (1) that the presence of signs alone was insufficient and, thus, (2) that the walkways were not maintained in a reasonable fashion because Defendant continued to operate the walkways even when the audio-visual warning system was down.

Regarding the third element of causation, and viewing the facts and drawing all reasonable inferences in Plaintiffs' favor, the Court finds for the purpose of summary judgment that a reasonable jury could find that if the audio-visual warning system had been operational, Tisdale would have known to push her cart forward, and Plaintiff's injuries would not have occurred. The Court thus denies Defendant's motion for summary judgment as to the negligence claims.[1]

[1] Above, the Court addressed Plaintiffs' argument that Defendant was negligent because it continued to operate the moving walkway despite the failed warning system. Plaintiffs raise the following additional theories as to why Defendant was negligent: (A) it was unsafe to allow shopping carts on the moving walkway in the first place; (B) the walk-off plate was damaged and should have been repaired; and (C) the shopping carts should have been tested to ensure that the wheel-locking mechanism was functional. *See* R. 77. To support these additional theories, Plaintiffs rely on an affidavit submitted by their expert Joseph Stabler. R. 77-4. As part of its motion for summary judgment, Defendant argues that Stabler's testimony should be excluded under *Daubert* and Federal Rule of Evidence 702. R. 73 at 6. At this point, the Court does not address Defendant's argument to exclude Stabler's testimony because, independent of Stabler's testimony, Plaintiffs' negligence claims survive summary judgment as discussed above. The Court notes, however, that Defendant may re-raise its arguments regarding the exclusion of Stabler's testimony prior to trial.

## II. Premises Liability

"Premises liability is a subset of common-law negligence but the two can be brought as separate claims." *Reyes v. Menard, Inc.*, 2022 WL 2757666, at *2 (N.D. Ill. July 14, 2022) (citations omitted). Premises liability requires proof of the three elements of a negligence claim plus an additional three: (1) a condition on the property that presented an unreasonable risk of harm, 2) that the defendant knew or reasonably should have known of the condition and the risk, and 3) that the defendant could reasonably have expected people on the property would not realize, would not discover, or would fail to protect themselves from the danger. *Id.*

Regarding the unreasonable risk, this element also turns on the disputed fact that the audio-visual warning system was down. Drawing all reasonable inferences in Plaintiffs' favor, the Court finds for the purpose of summary judgment that a reasonable jury could find that operating the moving walkways without the audio-visual warnings presented an unreasonable risk of harm.

Regarding notice, Plaintiffs must show that Defendant has "actual or constructive notice of the dangerous condition." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 650 (7th Cir. 2014). Plaintiffs do not identify evidence that an employee at the Menard's store had actual notice that the warning system was down. *See* R. 77. But, regarding constructive notice, the store's general manager was required to complete a daily morning inspection of the moving walkways during which he turned the walkways on, rode them up and down, and looked for any potential hazards regarding their functionality. R. 77-2 ¶¶ 38–40. If, indeed, the warning system was down on the day in question, the general manager *should have* identified the issue, even if he did not *actually* observe it. Drawing all reasonable inferences in Plaintiffs' favor, the Court thus finds for the purpose of summary judgement that a reasonable jury could find that Defendant should have known of the dangerous condition.

Regarding a reasonable expectation that customers would fail to protect themselves, the Court notes that Defendant installed the audio-visual warning system in the first place. Viewing the facts and drawing all reasonable inferences in Plaintiff's favor, the Court notes that the fact that Defendant chose to install the warning system in the first place suggests that Defendant believed it was necessary to protect the customers who were using the walkway. As such, the Court finds for the purpose of summary judgment that a reasonable jury could find that Defendant could have reasonably expected that customers would fail to protect themselves absent the warning system. The Court thus denies Defendant's motion for summary judgment as to the premises liability claims.

**Conclusion**

For the reasons stated above, Defendant's motion [71] for summary judgment is denied. The parties shall file a joint status report by 10/23/26, setting forth the following: (A) whether, in light of the Court's ruling, the parties wish to engage in settlement discussions prior to trial; (B) the anticipated length of the trial; and (C) at least three proposed trial dates that work for all parties.

**SO ORDERED.**

**ENTERED: October 15, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**